**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Pepper Hamilton L.L.P., | ) | No. CV-07-2467-PHX-FJM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Intelligent Water Solutions, Inc., et al. | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it plaintiff's motion for partial judgment on the pleadings (doc. 27) and plaintiff's supplemental memorandum of law in support of its motion (doc. 30). We also have before us plaintiff's complaint (doc. 1) and defendants' answer (doc. 25). Defendant Intelligent Water Solutions, Inc. ("IWS") has failed to respond to the motion and the time for doing so has lapsed. See LRCiv 7.2(c).

On July 14, 2008, plaintiff filed a motion for partial judgment on the pleadings against IWS (doc. 27), seeking judgment on Count I of the complaint charging IWS with breach of contract. Plaintiff avers that it entered into an engagement letter with IWS, pursuant to which IWS agreed to pay plaintiff for legal services rendered. Plaintiff performed legal services and invoiced IWS for fees and expenses totaling $226,654.53, but IWS has failed to pay. In its present motion, plaintiff contends that it is entitled to judgment on the pleadings because IWS admits in its answer every fact necessary to establish its liability for breach of contract.

1  See Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999) (holding that judgment on the
2  pleadings is proper when, taking the allegations in the pleadings as true, the moving party
3  is entitled to judgment as a matter of law).
4        We agree.  First, failure to respond may be deemed a consent to the granting of the
5  motion and we may dispose of the motion summarily.  LRCiv 7.2(i).  Moreover, although
6  IWS challenges the amount of claimed damages in its answer, it admits every fact necessary
7  to establish its liability for breach of contract.  Based on this concession, as well as IWS'
8  failure to respond to the motion, we conclude that plaintiff is entitled to judgment as to
9  liability on count I against IWS.  Because IWS disputes the claimed amount of damages in
10 its answer, Answer ¶¶ 11, 20, and because this motion does not resolve the entire case, we
11 do not rule on the issue of damages.
12       **IT IS ORDERED GRANTING** plaintiff's motion for judgment on the pleadings as
13 to IWS' liability for breach of contract (doc. 27).
14       DATED this 29th day of August, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -